## Case No. 1,418.

### In re BININGER et al.

[7 Blatchf. 165;[1] 3 N. B. R. 487, (Quarto, 122;) 1 Am. Law T. Rep. Bankr. 186.]

Circuit Court, S. D. New York.    Feb. 11, 1870.

BANKRUPTCY—REVISORY JURISDICTION OF CIRCUIT COURT.

The superintendence and jurisdiction conferred upon this court by the 2d section of the bankruptcy act of March 2d, 1867, (14 Stat. 518,) is revisory, and does not confer on this court the power specifically to execute the decrees of the district court, or to assume the primary exercise of the jurisdiction conferred on the district court by the 1st section of that act.

In bankruptcy.

Francis N. Bangs, for the motion.
Roger A. Pryor, opposed.

Before WOODRUFF, Circuit Judge, and BLATCHFORD, District Judge.

WOODRUFF, Circuit Judge. The petitioner, John S. Beecher, assignee in bankruptcy of Abraham Bininger and Abraham B. Clark, applies for an order directing the marshal

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

to take possession of the joint estate and property of the said bankrupts, and restraining and enjoining the bankrupts and certain persons heretofore appointed receivers of the said joint property, in an action pending in one of the state courts between the said bankrupts, for the settlement of their copartnership affairs, from any interference with the said property, to the end that the said property may be brought within the jurisdiction of the district court for the southern district of New York or within the jurisdiction of this court, and that the district court or this court may collect the assets of the said bankrupts, ascertain and liquidate liens, adjust priorities and conflicting interests, marshal and dispose of the funds, so as to secure the rights of all parties, and make due distribution among all the creditors, and directing that thereupon the proceedings on this petition may be continued in the said district court, and restraining and enjoining the said Clark from further prosecuting his said action against Bininger in the state court, and directing him to permit the petitioner, as assignee in bankruptcy, to prosecute such action in the name of the said Clark, and by such attorney as the petitioner may employ, and for such other or further order or relief as may be proper.

The petitioner has wholly mistaken the nature and purpose of the general superintendence and jurisdiction conferred upon this court by the second section of the bankrupt act. In Re Bininger, [Case No. 1,417,] submitted at the time the motion was made for the relief herein prayed for, that subject has been discussed and the conclusions of the court stated, that such superintendence and jurisdiction is revisory, in its nature and purpose, and was not intended to give to the parties an option to come to this tribunal for original orders, in the nature of a specific execution of the decrees of the district court. By the first section of the act, the district courts are constituted courts of bankruptcy and declared to have original jurisdiction in all matters and proceedings in bankruptcy. Such jurisdiction, according to the very terms of the section, extends to and includes the collection of all the assets of the bankrupt, the ascertainment and liquidation of liens, the adjustment of priorities, and the other matters which the petitioner seeks to secure through the order of this court; and it is declared that the said courts shall have full authority to compel obedience to all orders and decrees passed by them in bankruptcy, by process of contempt and other remedial process, to the same extent that the circuit courts now have in any suit pending therein in equity.

In giving a general superintendence and jurisdiction of all cases and questions arising under the act, congress did not intend that the circuit court should assume the primary exercise of that summary jurisdiction thus conferred by the first section on the district

courts; and yet that is precisely what is sought by the present petition. The pendency here of the proceedings for the review of the decree by which Bininger and Clark have been adjudged bankrupts has no bearing upon the present motion. Those proceedings bring the decree and whatever orders are involved therein before this court, but do not operate to transfer the entire proceeding in bankruptcy into this tribunal, to be here continued as in a court of first instance.

The motion must be denied.